UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ORANTAS,

      Plaintiff,

                                    Case No.:      22-10718

v.

DAVID E. WEEKS, individually, DOCK BOX
SERVICES, INC., a Michigan Domestic Profit
Corporation, and RELAPSE, MVR MC6631DL,
a pleasure vessel, jointly and severally,

      Defendants.

_____/

COMPLAINT

NOW COMES plaintiff, John Orantas, by and through counsel undersigned, O'Bryan Baun Karamanian, and complains against the above-captioned Defendants as follows:

1.      Jurisdiction and venue properly lie with this Court pursuant to 28 U.S.C. Section 1333 (a) as a civil case of admiralty jurisdiction under the General Maritime Laws of the United States, because this action is based on an incident of maritime personal injury which occurred aboard a vessel on the navigable waters of Lake St. Clair, Michigan. Further, Defendant David E. Weeks (hereinafter Weeks) resides; Defendant Dock Box Services, Inc. (hereinafter Dock Box) maintains its principal place of business; and Defendant Relapse, MVR MC6631DL, a pleasure vessel (hereinafter Relapse) is located and operated on the navigable waters of Lake St. Clair within this district. Plaintiff designates this action as one of admiralty jurisdiction pursuant to F.R.C.P. 9 (h).

2.      At all times material and relevant to issues herein, Defendant Relapse was burdened with the duty to be maintained in a staunch and seaworthy condition, including but not limited to operating with competent and adequate operators, crew, equipment, and work and safety procedures. In breach of that duty, on October 16, 2020, Relapse was operated, navigated, and

controlled by an incompetent operator, in an unseaworthy, undermanned, and insufficiently equipped condition, lacking sufficient and reasonable operational and safety procedures under the circumstances.

3.      At all times material and relevant to issues herein, including October 16, 2020, Defendant Weeks, individually, and as officer, agent, and employee of Defendant Dock Box, pursuant to contract, or otherwise, manned, equipped, dismantled, repaired, operated, navigated, and controlled Relapse, aboard which Plaintiff John Orantas was invited to work and provide services, with all acts and/or omissions giving rise to this action having occurred within the scope and course of that endeavor.

4       At all times material and relevant to issues herein, including October 16, 2020, Defendant Weeks, individually, and as officer, agent, and employee of Defendant Dock Box was burdened with the duty to exercise reasonable care under the circumstances to adequately and competently man, equip, dismantle, repair, operate, navigate, and control Relapse, aboard which Plaintiff John Orantas was invited to work and provide services.

5.      At all times material and relevant to issues herein, including October 16, 2020, Plaintiff John Orantas was invited to work and provide services aboard Relapse, by Defendant Weeks, individually, and as officer, agent, and employee of Defendant Dock Box, while said vessel was being operated, controlled, manned, equipped, and navigated by Defendant Weeks.

6.      At all times material and relevant to the issues herein, including October 16, 2020, while Plaintiff John Orantas was aboard Defendant Relapse, Defendant Weeks, individually, and as officer, agent, and employee of Defendant Dock Box, did negligently and incompetently operate, control, and navigate Relapse on the navigable waters of Lake St. Clair Michigan, while it was unseaworthy, undermanned, and improperly and inadequately equipped, causing one of the

vessel's dock lines to become entangled in the vessel's propellers, striking Plaintiff, and causing severe and permanently disabling injury.

7.     At all times material or relevant issues here, including October 16, 2020, Defendants owed  duties to Plaintiff John Orantas to maintain seaworthiness, and exercise reasonable care under the circumstances, during the navigation, control, and operation of Defendant Relapse; however, said Defendants did breach all applicable duties including the duty to maintain seaworthiness, and man, equip, operate, and navigate Defendant Relapse in a reasonably safe and adequate manner, directly causing and resulting in severe injury and disability to Plaintiff John Orantas.

8.     The negligence of Defendants, jointly and severally, singularly and in concert, caused or contributed to Plaintiff John Orantas damages in the following particulars:

a.  Pain and suffering, past, present, and future.

b.  Mental anguish, humiliation, fright, shock, embarrassment, and anxiety.

c.  Loss of earnings and earning capacity.

d.  All other forms of damage as may be of appropriate, including punitive damages.

WHEREFORE, Plaintiff demands trial and judgment against the Defendants in an amount in excess of 2 million dollars ($2,000,000.00) together with interest, costs, and attorney's fees all the be adjusted upward during the pendency of this action.

Respectfully submitted,

O'Bryan Baun Karamanian

/s/ Gary Wm. Baun
Gary Wm. Baun (P28758)
Attorney for Plaintiff
401 S. Old Woodward Ave., Ste. 463
Birmingham, MI 48009
248.258.6262, 248.258.6047 – Fax
gbaun@obryanlaw.net

3